UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

NORTH AMERICAN COMPANY FOR
LIFE AND HEALTH INSURANCE,

        Plaintiff,

vs.

MATHEW SAYRE,

        Defendant.

Case No.: 23-378

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, North American Company for Life and Health Insurance ("North American"), by and through its attorneys, hereby files this Complaint For Declaratory Judgment, and in support thereof, respectfully states as follows:

1. This is an action for a declaratory judgment under 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, wherein North American seeks a declaration establishing its rights and obligations under North American life insurance policy number LB42126699 (the "Policy") issued on the life of Defendant Mathew Sayre ("Mr. Sayre").

2. North American is entitled to the relief it seeks because of a material misrepresentation submitted in the application for the Policy—upon which North American relied in issuing the Policy—and the concealment by Mr. Sayre of certain material facts he knew and ought to have communicated to North American. There is, therefore, an actual controversy of a justiciable nature, concerning the rights and obligations of the parties under the Policy.

## PARTIES

3. Plaintiff North American is a life insurance company incorporated and existing under the laws of the State of Iowa with its principal place of business in Iowa.

4. Upon information and belief, Mr. Sayre is a resident of Fort Atkinson, Wisconsin.

## JURISDICTION AND VENUE

5. Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over all civil actions where: (1) the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs; and (2) there is complete diversity between the parties.

6. The amount in controversy requirement is met. The Policy is a term life insurance policy for the face amount of $150,000. As this is an action seeking to declare the validity of the Policy, the value for purposes of amount in controversy is the Policy's face amount as the object of the litigation.

7. Diversity of citizenship is also met. Mr. Sayre is a citizen of the state of Wisconsin. North American is incorporated under the laws of the state of Iowa and has its principal place of business in the state of Iowa. Therefore, North American is a citizen of the state of Iowa.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claim occurred herein.

## FACTUAL BACKGROUND

9. On or about June 29, 2021, Mr. Sayre submitted an application (the "Application") to North American for the Policy. A true and correct copy of the Application is attached hereto as Exhibit "A."

10. In completing the Application, Mr. Sayre was required to provide truthful and accurate information and responses.

11. North American relied upon the answers recorded on the Application in determining whether Mr. Sayre was insurable and qualified for the Policy.

12. Question number 1 on the Application states: "In the past 10 years, have you been convicted, pleaded guilty to or have charges pending for a: (select all that apply)." The four boxes for selection are "Misdemeanor," "Felony," "DUI/DWI for alcohol or drugs," and/or "None of the above."

13. Mr. Sayre provided and disclosed to question number 1: "None of the above."

14. On or about June 29, 2021, in reliance upon the representations in the Application that had been certified as true by Mr. Sayre, North American issued the Policy on the life of Mr. Sayre. A true and correct copy of the specimen Policy is attached hereto as Exhibit "B."

15. Mr. Sayre is the individual owner and insured under the Policy.

16. The Application was made part of the Policy upon its issuance.

17. After the Policy was issued, North American learned that Mr. Sayre had prior criminal convictions.

18. Mr. Sayre did not disclose his prior criminal convictions on the Application.

19. The misrepresentation set forth on the Application was material, in that it induced North American to issue the Policy and substantially affected the hazard and risk assumed by North American.

20. Had Mr. Sayre truthfully represented his prior criminal convictions on the Application, the Policy would not have been approved or placed in-force at the same rate class.

21. On or about January 30, 2023, North American sent a letter to Mr. Sayre requesting to rescind the Policy based on the material misrepresentation and requesting his mutual agreement to do so. A true and correct copy of the letter is attached hereto as Exhibit "C."

22. Mr. Sayre did not respond to the January 30, 2023 letter.

23. On or about March 19, 2023, North American sent a second letter to Mr. Sayre requesting to rescind the Policy based on the material misrepresentation and requesting his mutual agreement to do so. A true and correct copy of the letter is attached hereto as Exhibit "D."

24. Mr. Sayre did not respond to the March 19, 2023 letter.

## COUNT I

**DECLARATORY JUDGMENT: POLICY VALIDITY, RIGHTS, AND OBLIGATIONS**

25. North American hereby incorporates by reference every averment of fact contained in the preceding paragraphs as if set forth herein at length.

26. Mr. Sayre made a misrepresentation to North American on the Application about his prior criminal convictions. The Application was made part of the Policy upon its issuance.

27. Mr. Sayre misrepresented his prior criminal convictions in the Application.

28. Mr. Sayre knew or should have known of the falsity of this representation on the Application.

29. The misrepresentation on the Application regarding Mr. Sayre's prior criminal convictions was material and invoked North American's reliance; indeed, the misrepresentation had a significant bearing upon North American's decision to issue a policy insuring the life of Mr. Sayre.

30. Based on any prior criminal conviction at the time of the Application, the Policy would not have been issued, and the Application would have been declined.

31. North American is entitled to a judicial declaration that, pursuant to Wisconsin law, the Policy is void *ab initio*, as it was issued by North American in reliance upon a material misrepresentation made by Mr. Sayre, or, in the alternative, that the misrepresentation constitutes grounds for rescission of the Policy by North American.

## RELIEF REQUESTED

WHEREFORE, North American respectfully requests the entry of an Order by this Court declaring:

A. That the Policy is void *ab initio*, or in the alternative, whether North American may rescind the Policy;

B. That North American is awarded attorney's fees and costs associated with seeking this judgment; and

C. That North American is granted such further relief as this Court deems appropriate.

Dated: June 6, 2023

*/s/ Rachel A. Yaggi*
Rachel A. Yaggi
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309
Tel: 515-248-9000
Fax: 515-248-9010
*rachel.yaggi@faegredrinker.com*

**Attorney for North American Company for Life and Health Insurance**