UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE, <br><br> Plaintiff, <br><br> vs. <br><br> MATHEW SAYRE, <br><br> Defendant. | Case No. 3:23-cv-00378 |

**PLAINTIFF NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT MATHEW SAYRE**

Plaintiff, North American Company For Life and Health Insurance ("North American"), pursuant to Federal Rule of Civil Procedure 55(b), respectfully moves this Court for entry of a final default judgment against Defendant, Mathew Sayre ("Mr. Sayre"), for failure to plead or otherwise defend in this action. North American further requests that this Court enter a declaratory judgment ordering that North American life insurance policy number LB42126699 (the "Policy") is void *ab initio*.

In support, North American submits the following Memorandum of Law and hereby states as follows:

## I.   FACTUAL BACKGROUND

On or about June 29, 2021, Mr. Sayre submitted an application (the "Application") to North American for the Policy. Compl. ¶ 9. In completing the Application, Mr. Sayre was required to provide truthful and accurate information and responses. *Id.* ¶ 10. North American relied upon the answers recorded on the Application in determining whether Mr. Sayre was insurable and qualified for the Policy. *Id.* ¶ 11. Question number 1 on the Application states: "In the past 10 years, have you been convicted, pleaded guilty to or have charges pending for a: (select all that apply)." The four boxes for selection are "Misdemeanor," "Felony," "DUI/DWI for alcohol or drugs," and/or "None of the above." *Id.* ¶ 12. Mr. Sayre provided and disclosed to question number 1: "None of the above." *Id.* ¶ 13.

On or about June 29, 2021, in reliance upon the representations in the Application that had been certified as true by Mr. Sayre, North American issued the Policy on the life of Mr. Sayre. *Id.* ¶ 14. After the Policy was issued, North American learned that Mr. Sayre had prior criminal convictions. *Id.* ¶ 17. Mr. Sayre did not disclose his prior criminal convictions on the Application. *Id.* ¶ 18.

The misrepresentation set forth on the Application was material, in that it induced North American to issue the Policy and substantially affected the hazard and risk assumed by North American. *Id.* ¶ 19. Had Mr. Sayre truthfully represented his prior criminal convictions on the Application, the Policy would not have been approved or placed in-force at the same rate class. *Id.* ¶ 20.

Mr. Sayre has not responded to the Complaint despite being properly served. (Dkt. No. 4). Upon information and belief, Mr. Sayre is not an infant, incompetent, or in military service. *See* Declaration of Rachel Yaggi, attached hereto as Exhibit 1. On September 12, 2023, default was entered against Mr. Sayre. (Dkt. No. 9).

## II. ARGUMENT

"While the Seventh Circuit generally favors a trial on the merits, it does not disfavor default judgments." *Property-Owners Ins. Co. v. Stofer*, No. 1:16-cv-00211-TWP-TAB, 2016 WL 6790799, *2 (S.D. Ind. Oct. 17, 2016) (citation omitted). Because of expanding caseloads, the Seventh Circuit has become more tolerant of the use of default judgments "in order to ensure that litigants who are vigorously pursuing their cases are not hindered by those who are not." *Johnson v. Gudmundsson*, 35 F.3d 1104, 1117 (7th Cir. 1994) (citation omitted).

"A default proceeding has two steps: 'the establishment of the default, and the actual entry of a default judgment.'" *Spectrum Brands, Inc. v. I&J Apparel, LLC*, No. 16-CV-741-JDP, 2017 WL 2303577, at *2 (W.D. Wis. May 26, 2017) (citing Fed. R. Civ. P. 55(a); *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016)). First, the entry of default "establishes a defendant's liability, and 'the well-pleaded allegations of a complaint relating to liability are taken as true.'" *Id.* at *2. Second, the moving party must seek entry of a default judgment against the defaulting party. *Id.* (citing *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007)).

When a default is entered, the "well-pleaded allegations of a complaint relating to liability are taken as true," and the defaulted party "cannot contest the fact of his liability unless the entry of default is vacated under Rule 55(c)." *VLM Food Trading Int'l, Inc.*, 811 F.3d at 255 (internal citation and alteration omitted). Taking the well-pleaded allegations of the Complaint as true, North American is entitled to a declaratory judgment voiding the Policy.

Wis. Stat. § 631.11(1)(b) allows an insurer to rescind a policy based on a material misrepresentation by the insured:

> No misrepresentation, and no breach of an affirmative warranty, that is made by a person other than the insurer or an agent of the insurer in the negotiation for or procurement of an insurance contract constitutes grounds for rescission of, or affects the insurer's obligations under, the policy unless, if a misrepresentation, the person knew or should have known that the representation was false, and unless any of the following applies:
>
> 1. The insurer relies on the misrepresentation or affirmative warranty and the misrepresentation or affirmative warranty is either material or made with intent to deceive.
>
> 2. The fact misrepresented or falsely warranted contributes to the loss.

Wis. Stat. § 631.11(1)(b).

Here, Mr. Sayre knew or should have known that he made a false representation on the Application. Compl. ¶ 28. The misrepresentation was material to North American. *Id.* ¶ 29. North American relied on the misrepresentation. *Id.* ¶ 29. North American would not have issued the Policy had it been provided truthful information. *Id.* ¶ 30.

Parties may seek a declaratory judgment that an insurance policy is void as a matter of law through a default judgment. *See e.g., N. Am. Co. for Life & Health Ins. v. Zimmerman*, No. 121CV00363JPHDLP, 2021 WL 2894767, at *1 (S.D. Ind. July 1, 2021) (voiding an insurance policy through a default judgment); *Firemen's Ins. Co. of Washington, D.C. v. Swinney*, No. 117CV00573TWPTAB, 2017 WL 6620882, at *2 (S.D. Ind. Dec. 27, 2017) (same); *Kemper*

*Indep. Ins. Co. v. Mendoza*, No. 2:11-CV-155 JD, 2012 WL 2680807, at *2 (N.D. Ind. July 5, 2012) (same).

### III. CONCLUSION

In sum, because the well-pleaded complaint shows that North American detrimentally relied on material misrepresentations in the application and that it would not have issued the Policy if that information had been known, North American respectfully requests this Court enter a final default judgment against Mr. Sayre and declare the Policy void *ab initio* without further hearing.

Dated: September 20, 2023   Respectfully submitted,

*/s/ Rachel A. Yaggi*
Rachel A. Yaggi
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309
Tel: 515-248-9000
Fax: 515-248-9010
*rachel.yaggi@faegredrinker.com*

**Attorney for North American Company for Life and Health Insurance**

- 6 -

## CERTIFICATE OF SERVICE

      I hereby certify that on September 20, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and mailed via US Mail to:

Mathew Sayre  
N1796 Friedel Road  
Fort Atkinson, WI 53538

                                        */s/ Rachel Yaggi*